# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

BARBARA MICHAEL BALCAZAR DOMINGUEZ,

Petitioner,

v.

KRISTI NOEM, *et al.*,

Respondents.

Case No. 3:26-cv-00180-RFB-CSD

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Barbara Michael Balcazar Dominguez's Petition for Writ of Habeas Corpus, which she filed pursuant to 28 U.S.C. § 2241. See generally ECF No. 1 [hereinafter, "Petition"]. Through it, she challenges the lawfulness of her ongoing detention at Washoe County Jail ("WCJ") in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Respondents are detaining Petitioner without providing an opportunity for release on bond, as they assert that she is subject to 8 U.S.C. § 1225(b)(2)(A). See ECF No. 14 at 13 [hereinafter, "Opposition"]. Petitioner argues that her detention violates the Fifth Amendment's Due Process Clause. See Petition at 16.

In turn, Respondents invoke their novel statutory interpretation of § 1225(b)(2)(A) to justify Petitioner's detention. See generally Opposition. In doing so, they argue that Petitioner has already been afforded all the process she is due under the INA and, therefore, the Constitution. See ECF No. 14-5 at 22 (incorporated briefing). This Court is well acquainted with Respondents' reimagination of the INA, as the Court has repeatedly, and decisively, rejected it as unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090, at *1 n.1 (D. Nev. Feb. 5, 2026) (collecting cases). Nonetheless, Respondents continue to trot the

same argument before this Court, even though they have repeatedly acknowledged that this Court's decisions reject it.[1] See, e.g., Carcamo v. Noem, No. 2:26-cv-00463-RFB-MDC, 2026 WL 622732, at *2 (D. Nev. Mar. 5, 2026) (citation and quotation marks omitted) ("Respondents concede . . . that the legal issues presented are controlled by this Court's recent decisions."); Figueroa v. Mattos, No. 2:26-cv-00184-RFB-MDC, 2026 WL 432582, at *1 (D. Nev. Feb. 16, 2026) (same). Hopefully, they do not expect a different result here, as they have not identified any material difference between this case and the Court's prior, controlling decisions. Consistent with these prior decisions, the Court finds that Respondents' ongoing detention of Petitioner is statutorily, and *constitutionally*, unlawful. Thus, the Court grants Petitioner a writ of habeas corpus and orders Respondents to provide her a prompt bond hearing—or immediately release her from custody.

The Court makes the following findings of fact based on the Parties' undisputed factual allegations and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950). Petitioner Barbara Michael Balcazar Dominguez is a 32-year-old Mexican citizen who entered the United States without inspection, admission, or parole at least 17 years ago. See Petition at 2; see also ECF No. 14-2 at 2 (Petitioner's Notice to Appear) [hereinafter, "NTA"]; see also ECF No. 14-1 at 3 (Petitioner's Record of Inadmissibility/Deportability—*i.e.*, I-213) [hereinafter, "I-213"]. Since then, she has resided continuously within our borders, and she has developed significant community, economic, and familial ties to the United States. See Petition at 7 (describing Petitioner's "consistent employment, [ ] stable residence, and . . . strong family foundation," which includes five children who are U.S. citizens). Nonetheless, on February 4, 2026, Petitioner was detained by ICE after she was arrested by the Douglas County Sheriff's Office for traffic- and drug-related offenses. See Petition at 8; see also I-213 at 3. Her charges remain pending, and she maintains her innocence. See Petition at 8. Regardless, the Department of Homeland Security ("DHS") launched removal proceedings against her that same day; DHS maintains that Petitioner is removable under 8 U.S.C. § 1182(a)(6)(A)(i) because she is

---

[1] Indeed, it appears that Respondents' (re)interpretation of 8 U.S.C. § 1225(b)(2)(A) has been uniformly rejected across the United States District of Nevada. See, e.g., generally Hernandez-Luna v. Noem, No. 2:25-cv-01818-GMN-EJY (D. Nev. Nov. 6, 2025); Beltrand v. Mattos, No. 2:25-cv-01430-CDS-EJY, 2025 WL 3205283 (D. Nev. Nov. 14, 2025).

present in the United States without admission or parole as she entered the country without inspection. See NTA at 2; see also I-213 at 3. Shortly after she was detained by ICE, Ms. Balcazar Dominguez requested a custody redetermination, see Petition at 8, but Immigration Judge Ann McDermott declined to entertain her request because the immigration court—purportedly—lacks jurisdiction. See generally ECF No. 1-3 (order of the immigration judge). Today, Petitioner is being held by Respondents at WCJ in Reno, Nevada, without an opportunity for release on bond. See Petition at 8.

Consistent with its prior decisions, the Court rejects Respondents' and Matter of Yajure Hurtado's, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"] statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after years of residence in this country, for the reasons discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *7–11 (D. Nev. Nov. 24, 2025). Further, the Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, see id. at *10–18 (Douglas J., dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-cv-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); see also generally Singh v. Baltazar, No. 1:26-cv-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

Moreover, Buenrostro-Mendez did not address an as applied constitutional challenge to Respondents' detention policy under § 1225(b)(2)(A), which Petitioner raises here. The Court incorporates by reference the legal authorities and standards set forth in Escobar Salgado regarding the due process rights of noncitizens in Petitioner's position, including the Court's findings regarding Respondents' erroneous reliance on Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020), to contend that all undocumented noncitizens present in this country have no right to

due process under the Constitution beyond what Congress affords. See Escobar Salgado, 2025 WL 3205356, at *22–24; see also generally Padilla v. U.S. Immigr. & Customs Enf't, 704 F.Supp.3d 1163 (W.D. Wash. 2023). Consistent with its prior decisions the Court finds that Respondents' civil detention of Petitioner without a bond hearing and without providing any individualized, constitutionally recognized justification for her detention violates her procedural and substantive due process rights. See id.

The Court therefore orders Respondents to provide Petitioner a constitutionally adequate bond hearing pursuant to 8 U.SC. § 1226(a) and its implementing regulations, wherein the government bears the burden of establishing, by clear and convincing evidence, an individualized, constitutionally recognized interest in civilly detaining Petitioner—*i.e.*, that her detention is necessary to prevent danger to the community or to ensure her future appearance at removal proceedings. See Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011) ("Given the substantial liberty interest at stake . . . we hold that the government must prove by clear and convincing evidence that a[ noncitizen] is a flight risk or a danger to the community to justify denial of bond."), abrogation on other grounds recognized by Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022); see also Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("[T]he BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [a detained noncitizen] is a danger to the community"). In considering the evidence, the IJ must "weigh nine factors under BIA precedent." Martinez, 124 F.4th at 793 (citing In Re Guerra, 24 I&N Dec. 37 (BIA 2006)).[2]

For the bond hearing to be constitutionally adequate, the immigration court must consider Petitioner's financial circumstances as well as possible alternative release conditions in setting bond. See Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017). The immigration court must further create a contemporaneous record of the bond hearing that is available to Petitioner upon

---

[2] These factors include "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States." Martinez, 124 F.4th at 793 (citing Guerra, 24 I. & N. Dec. at 40).

request, see Singh, 638 F.3d at 1208, and that is available to this Court so that it can ensure the immigration court's compliance with this Order—*i.e.*, the application of the correct evidentiary burden; the application of the correct evidentiary standard; and sound findings regarding flight risk and danger which do not amount to an abuse of discretion. See Martinez, 124 F.4th at 779 (holding federal district courts have habeas jurisdiction to determine whether the appropriate evidentiary burden and evidentiary standard is applied in a bond hearing *de novo*, as a "question of law," and to review an IJ's dangerousness finding for abuse of discretion, as a "mixed question of law and fact") (citing Wilkinson v. Garland, 601 U.S. 209 (2024)).

Consistent with its broad equitable authority to fashion a remedy for unlawful detention "as law and justice require," and considering the constitutional injury Petitioner has suffered and continues to suffer due to Respondents continued enforcement of unlawful detention policies, the Court orders Respondents to provide a bond hearing promptly, no later than **March 31, 2026**, or immediately release her from custody on her own recognizance, with no substantial constraints on her liberty. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Temporary Restraining Order (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a), where the government bears the burden of establishing dangerousness or flight risk by clear and convincing evidence, and consistent with the other requirements described above, no later than **March 31, 2026**.

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be afforded until **April 30, 2026,** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found that the regulatory automatic stay is facially unconstitutional and adopts that finding here. See generally Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **March 31, 2026**, Respondents must **IMMEDIATELY RELEASE** Petitioner from custody on her own recognizance. This means Federal Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of her current removal proceedings unless and until it is determined that her detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **April 1, 2026**. The status report shall detail whether the bond hearing occurred, whether bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm the date and time of Petitioner's release from detention in compliance with this Order.

**IT IS FURTHER ORDERED** that if bond was denied, Federal Respondents must (1) **ATTACH** the order of the immigration court to the joint status report and (2) **PROVIDE** the contemporaneous record of the bond hearing to Petitioner's counsel **IMMEDIATELY** upon request.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to the 28 U.S.C. § 2412. Petitioner may

file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** March 24, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**